SCHROEDER *v.* STATE OF INDIANA.

[No. 13,654. Filed April 26, 1929.]

*Logan & Kitch,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

REMY, J.—Appellant was charged by affidavit with attempting to influence a witness who was subpoenaed to testify for the State in a prosecution then pending against appellant. The prosecution was pursuant to the act of March 14, 1913 (Acts 1913 p. 611, §2619 Burns 1926), which provides that "Any person who, by force,

threats, intimidation, persuasion, the offer of money or other thing of value, or by any other means, influences, or attempts to influence, any person subpoenaed as a witness to testify in any court of justice, or before any grand jury of the State of Indiana, to fail or refuse to attend the sessions of such court or grand jury without leave before testifying, shall be guilty of a misdemeanor," etc. A jury trial resulted in a conviction, and this appeal followed.

It appears from the uncontradicted evidence that an affidavit had been filed in the Marshall Circuit Court charging appellant with the unlawful sale of intoxicating liquor; that a subpoena was issued commanding Edgar Cox, the prosecuting witness in that case, to appear in court October 6, 1926, to testify on behalf of the State; that Cox was not, at the time, within the county, and the subpoena was not served until October 8, 1926; and that Cox returned to Marshall county, and, October 13, 1926, was at the home of Sherman Thompson in the city of Plymouth, where he was visited by appellant. There is evidence that appellant, at that time and place, offered Cox money if he would not appear, and that when Cox stated that he would appear and testify, appellant threatened to kill him if he did. This evidence is denied by appellant. There is no evidence as to when the charge against appellant for selling intoxicating liquor was tried, if at all, and no evidence that the prosecuting witness Cox was ever served with any subpoena to appear as a witness in that case, except the subpoena commanding him to appear October 6, which subpoena was not served until October 8. A subpoena for a witness not served until after the date fixed therein for the appearance of the witness, is without force and effect. Under the facts, therefore, it must follow that on October 13, the date of the alleged attempt of appellant to influence Cox by

threats and otherwise, Cox was not under valid subpoena to appear and testify before any court or grand jury of the State of Indiana. This is a penal statute and must be strictly construed. It necessarily follows that the verdict is not sustained by sufficient evidence and is contrary to law. For the error of the court in overruling appellant's motion for a new trial, the judgment must be reversed.